**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **CENTRAL GROCERS, INC.,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-0883170** | : | |
| **In re** | : | **Chapter 11** |
| **CGI JOLIET, LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 26-4437014** | : | |
| **In re** | : | **Chapter 11** |
| **CURRENCY EXPRESS, INC.,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 35-1872650** | : | |
| **In re** | : | **Chapter 11** |
| **RACEWAY CENTRAL, LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |
| **In re** | : | **Chapter 11** |
| **RACEWAY CENTRAL CALUMET PARK LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **------------------------------------------------------------x** | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **RACEWAY CENTRAL** | **:** | **Case No. 17-______ (___)** |
| **CHICAGO HEIGHTS LLC,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| **Fed. Tax Id. No. 36-4372161** | **:** | |
| **------------------------------------------------------------x** | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **RACEWAY CENTRAL** | **:** | **Case No. 17-______ (___)** |
| **DOWNERS GROVE LLC,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| **Fed. Tax Id. No. 36-4372161** | **:** | |
| **------------------------------------------------------------x** | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **RACEWAY CENTRAL** | **:** | **Case No. 17-______ (___)** |
| **JOLIET NORTH LLC,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| **Fed. Tax Id. No. 36-4372161** | **:** | |
| **------------------------------------------------------------x** | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **RACEWAY CENTRAL** | **:** | **Case No. 17-______ (___)** |
| **LLC NORTH VALPO,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| **Fed. Tax Id. No. 36-4372161** | **:** | |
| **------------------------------------------------------------x** | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **RACEWAY CENTRAL** | **:** | **Case No. 17-______ (___)** |
| **WHEATON LLC,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |
| **Fed. Tax Id. No. 36-4372161** | **:** | |
| **------------------------------------------------------------x** | | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **STRACK AND VAN TIL SUPER MARKET, INC.,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 35-1052184** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SVT, LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 35-2081185** | : | |

## MOTION OF DEBTORS FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Central Grocers, Inc. ("**CGI**") and its debtor affiliates, including Strack and Van Til Super Market, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors have filed this motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Harer Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.[1]

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Harer Declaration.

## <u>Jurisdiction</u>

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## <u>Relief Requested</u>

6. By this Motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

7. A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

## <u>Relief Requested Should Be Granted</u>

8. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested.

9. In addition, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

10. Pursuant to Local Rule 1015-1, the Debtors have filed the Harer Declaration contemporaneously herewith. As set forth in the Harer Declaration, joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Region 3 and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

11. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates, and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved. Accordingly, the Debtors respectfully request that the Court modify the captions of these chapter 11 cases to reflect joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTRAL GROCERS, INC., *et al.*,** | : | **Case No. 17- ________ (___)** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

12. The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket in each of the above-captioned cases (other than the chapter 11 case of CGI) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Central Grocers, Inc., CGI Joliet, LLC, Currency Express, Inc., Raceway Central, LLC, Raceway Central Calumet Park LLC, Raceway Central Chicago Heights LLC, Raceway Central Downers Grove LLC, Raceway Central Joliet North LLC, Raceway Central LLC North Valpo, Raceway Central Wheaton LLC, Strack and Van Til Super Market, Inc., and SVT, LLC. The docket in Case No. 17-[______ (___)] should be consulted for all matters affecting this case.

13. Based on the foregoing, the relief requested is necessary and appropriate, is in the best interests of the Debtors' estates and creditors, and should be granted in all respects.

**Notice**

14. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (iii) counsel to the administrative agent under the Prepetition

Revolving Credit Facility, (a) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina S. Kelbon, Esq. and Victoria A. Guilfoyle, Esq.), and (b) Blank Rome LLP, One Logan Square 130, North 18th Street, Philadelphia, Pennsylvania 19103 (Attn: Mark I. Rabinowitz, Esq.); (iv) counsel to the administrative agent under the Prepetition Term Loan Facility, (a) Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101 (Attn: Mark V. Bossi, Esq.), and (b) Thompson Coburn LLP, 55 E. Monroe St., 37th Floor, Chicago, Illinois 60603 (Attn: Victor A. Des Laurier, Esq. and Diona Rogers, Esq.); (v) the United Food and Commercial Workers Union International, Local 1546, 1649 West Adams Street, 2nd Floor, Chicago, Illinois 60612 (Attn: Kenneth R. Boyd and Bob O'Toole); (vi) the United Food and Commercial Workers Union International, Local 881, 10400 W. Higgins Road, Suite 500, Rosemont, Illinois 60018 (Attn: Ronald E. Powell and Steven Powell); (vii) the United Food and Commercial Workers International Union, Local 700, 3950 Priority Way S. Drive, Suite 100, Indianapolis, Indiana 46240 (Attn: Scott Barnett); (viii) counsel to the Teamsters Union Local No. 142, Law Offices of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, 8 South Michigan Avenue, 19th Floor, Chicago, Illinois 60603 (Attn: Robert Cervone, Esq.); (ix) Independent Employees Union, 1201 Hickey Street, Hobart, Indiana 46342 (Attn: Cindy Rongers); (x) the Internal Revenue Service; (xi) the United States Attorney's Office for the District of Delaware; (xii) applicable financial institutions; and (xiii) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").

15. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 4, 2017
Wilmington, Delaware

*/s/ Mark D. Collins*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Stephen Karotkin (*pro hac vice* admission pending)
Sunny Singh (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **CENTRAL GROCERS, INC.,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-0883170** | : | |
| **In re** | : | **Chapter 11** |
| **CGI JOLIET, LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 26-4437014** | : | |
| **In re** | : | **Chapter 11** |
| **CURRENCY EXPRESS, INC.,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 35-1872650** | : | |
| **In re** | : | **Chapter 11** |
| **RACEWAY CENTRAL, LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |
| **In re** | : | **Chapter 11** |
| **RACEWAY CENTRAL CALUMET PARK LLC,** | : | **Case No. 17-______ (___)** |
| **Debtor.** | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RACEWAY CENTRAL CHICAGO HEIGHTS LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RACEWAY CENTRAL DOWNERS GROVE LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RACEWAY CENTRAL JOLIET NORTH LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RACEWAY CENTRAL LLC NORTH VALPO,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RACEWAY CENTRAL WHEATON LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 36-4372161** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **STRACK AND VAN TIL SUPER MARKET, INC.,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 35-1052184** | : | |

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SVT, LLC,** | : | **Case No. 17-______ (___)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **Fed. Tax Id. No. 35-2081185** | : | |

**ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Central Grocers, Inc. ("**CGI**") and its debtor affiliates, including Strack and Van Til Super Market, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for an order directing joint administration of their chapter 11 cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Harer Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 17-_____ (___).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTRAL GROCERS, INC., *et al.*,** | : | **Case No. 17– ________ (____)** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

5. A docket entry shall be made in each of the above-captioned cases (other than the chapter 11 case of CGI) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Central Grocers, Inc., CGI Joliet, LLC, Currency Express, Inc., Raceway Central, LLC, Raceway Central Calumet Park LLC, Raceway Central Chicago Heights LLC, Raceway Central Downers Grove LLC, Raceway Central

Joliet North LLC, Raceway Central LLC North Valpo, Raceway Central Wheaton LLC, Strack and Van Til Super Market, Inc., and SVT, LLC. The docket in Case No. 17-[______ (___)] should be consulted for all matters affecting this case.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: ___________________, 2017
Wilmington, Delaware

____________________________________
UNITED STATES BANKRUPTCY JUDGE